# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTOPHER STINER

    Plaintiff,

v.                                                                                  CASE NO:
                                                                                     HON:

TOLEDO STEEL SUPPLY, INC.,
GREGORY FORRESTER,
KURT GILFORD, WENDY MAJEWSKI,

    Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

There is no other current or pending civil action arising from the same transaction or occurrence which is the subject matter of this lawsuit

## **COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **CHRISTOPHER STINER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants, states the following:

1

1. Plaintiff, CHRISTOPHER STINER, is a resident of the City of Erie, County of Monroe, State of Michigan.

2. Defendant TOLEDO STEEL SUPPLY, INC. ("Defendant TSS") is a foreign profit corporation, which has its principle place of business in the City of Erie, County of Monroe, and State of Michigan and is located and conducts business in the Southern Division of the Eastern District of the State of Michigan.

3. Defendant GREGORY FORRESTOR is and/or was the President, Director, and/or Owner of Defendant TSS and at all relevant times had been Plaintiff's supervisor with the power and control over the terms and conditions of Plaintiff's employment with the authority to discipline including, but not limited to, the power to terminate Plaintiff's employment on behalf of Defendant TSS.

4. Defendant KURT GILFORD is and/or was the Grinder Supervisor of Defendant TSS and at all relevant times had been Plaintiff's supervisor with the power and control over the terms and conditions of Plaintiff's employment with the authority to discipline including, but not limited to, the power to terminate Plaintiff's employment on behalf of Defendant TSS.

5. Defendant WENDY MAJEWSKI is and/or was the Human Resources Manager of Defendant TSS and at all relevant times had been Plaintiff's supervisor with the power and control over the terms and conditions of Plaintiff's employment with the authority to discipline including, but not limited to, the power to terminate Plaintiff's employment on behalf of Defendant TSS.

6. All relevant events giving rise to this lawsuit occurred in the City of Erie, County of Monroe, State of Michigan.

7. Jurisdiction is vested in this Court pursuant to 28 U.S.C § 1331 [federal question] and 29 USC § 2601, et seq. [FMLA].

8. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## FACTS

9. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

10. That on or about October 10, 2018, Plaintiff accepted an hourly position as a grinder with Defendant TSS and began his employment on or about October 11, 2018.

11. That on or about October 24, 2020, Plaintiff suffered from a serious health condition which included, but is not limited to, asthma related issues that required him to receive ongoing medical treatment.

12. That Plaintiff informed Defendant GILFORD of both his serious health condition and need for medical treatment.

13. That Plaintiff's serious health condition continued to worsen which caused him to miss work.

14. That despite the fact that Plaintiff continued to fully inform Defendants, including but not limited to, Defendant GILFORD, of his worsened health condition, ongoing medical treatment, and need to utilize vacation time to cover his absenteeism, Defendants failed to inform him of his rights under Family Medical Leave Act ("FMLA").

15. That on November 3, 2020, Plaintiff inquired with Defendant GILFORD as to whether the rumors were true that he was going to be terminated for missing work due his serious medical condition in which Defendant GILFORD denied and assured him that he would not be terminated.

16. That on November 9, 2020, Plaintiff attempted to return to work but was forced to leave as a result of his serious health condition.

17. That Plaintiff remained employed by Defendants.

18. That on November 17, 2020, Plaintiff contacted Defendants GILFORD and MAJEWSKI and requested family medical leave pursuant to the Family Medical Leave Act based upon his serious medical condition.

19. That on November 18, 2020, Defendant GILFORD informed Plaintiff that he was no longer employed by Defendant TSS.

20. That Defendants' actions were unlawful in refusing to provide and/or interfering with Plaintiff's ability to obtain FMLA information and/or his rights under the FMLA as well as unlawfully terminating Plaintiff for no other reason than exercising his rights under the FMLA.

21. That as a direct and proximate result of Defendants' unlawful actions against Plaintiff, as described in this Complaint, he sustained injuries and damages including, but not limited to, the following:

    a. Loss of earnings, past, present, and future;

    b. Loss of earning capacity;

    c. Loss of fringe benefits, past, present, and future;

    d. Mental and emotional distress;

    e. Embarrassment and humiliation;

    f. Loss of reputation and esteem among his friends, family, and in the community;

g. Loss of the ordinary pleasures of everyday life, including the opportunity to pursue comparable occupation of choice.

## COUNT I – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT, 29 USC § 2601, ET SEQ.

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. At all times relevant to this Complaint, Plaintiff was employed by, and worked for, Defendant TSS.

24. Plaintiff was an eligible employee under the FMLA.

25. Defendant TSS is an employer under the FMLA.

26. Plaintiff was eligible to take a family/medical leave under the FMLA.

27. Plaintiff requested FMLA from Defendants on or about November 17, 2020.

28. Plaintiff was subsequently terminated by Defendants on or about November 18, 2020 in retaliation for Plaintiff exercising his FMLA rights; thus, violating the FMLA.

29. As a direct and proximate result of Defendants' violation of the FMLA as described in this Complaint, Plaintiff sustained injuries and damages including, but not limited to:

   a. Loss of earnings, past, present and future;

   b. Loss of earning capacity;

   c. Loss of career opportunities;

    d. Loss of fringe benefits past, present and future;

    e. Mental and emotional distress;

    f. Embarrassment and humiliation;

    g. Loss of reputation and esteem among his friends, family and in the community; and

    h. Loss of the ordinary pleasures of everyday life, including the opportunity to pursue and obtain comparable occupation of choice.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) along with interest and costs, reasonable attorney fees, punitive and exemplary damages, for damages so wrongfully sustained, along with any other relief to which Plaintiff may be entitled.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **By: /s/ Amy J. DeRouin**
                                          CHRISTOPHER TRAINOR (P42449)
                                          AMY J. DEROUIN (P70514)
                                          Attorneys for Plaintiff
                                          9750 Highland Road
Dated: January 6, 2022                White Lake, MI 48386
AJD/TPK                                   (248) 886-8650
                                          amy.derouin@cjtrainor.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER STINER

    Plaintiff,

v.                                                CASE NO:
                                                   HON:

TOLEDO STEEL SUPPLY, INC.,
GREGORY FORRESTER,
KURT GILFORD, WENDY MAJEWSKI,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 / (248) 698-3321-fax<br>amy.derouin@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **CHRISTOPHER STINER**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

        Respectfully Submitted,
        CHRISTOPHER TRAINOR & ASSOCIATES

        **By: /s/ Amy J. DeRouin**
        CHRISTOPHER TRAINOR (P42449)
        AMY J. DEROUIN (P70514)
        Attorneys for Plaintiff
        9750 Highland Road

Dated: January 6, 2022        White Lake, MI 48386
AJD/TPK        (248) 886-8650
        amy.derouin@cjtrainor.com